IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-03192-PAB

CHRISTOFER JOHNSON,

    Plaintiff,

v.

WALMART, INC.,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on Defendant's Notice of Removal [Docket No. 1]. Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1-2.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 1-2.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, non-conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding plaintiff's citizenship are not well-pled.

Courts are to consider the "totality of the circumstances" to determine a party's domicile.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in

determining a party's citizenship, including "voter registration and voting practices"). Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence.  *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

The notice of removal states that plaintiff is "a citizen of the State of Colorado," as evidenced by the fact that a Thompson Reuters PeopleMap Report indicates that he "has an address of 13269 E Alaska Ave, Aurora, CO 80012" and "[n]o contradictory information was located in the PeopleMap Report indicating a separate domicile." Docket No. 1 at 2, ¶ 3.  Residency at a particular address, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another" (citations omitted)), and only the latter is determinative of a party's citizenship.  *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").  Plaintiff's current address is one factor to consider in determining citizenship, but, without evidence of his intent to remain in Colorado, it is not sufficient to establish citizenship.  *Miss. Band of Choctaw Indians,* 490 U.S. at 48 ("'[D]omicile is established by physical presence in a place in connection with  certain state of mind concerning one's intent to remain there.") (citations omitted).

3

Accordingly, the Court finds that plaintiff's residency in Colorado is insufficient to establish citizenship.

Because the allegations regarding plaintiff's citizenship are not well-pled, the Court is unable to determine plaintiff's citizenship and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). It is therefore

**ORDERED** that, on or before **January 28, 2023**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED January 12, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge